UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH BETH FREBERG,

    Plaintiff,                                    Case No: 2:18-cv-00118-GJQ-TPG

V                                                  HON. GORDON J. QUIST

MANISTIQUE PUBLIC SAFETY, et al,

    Defendants.

_____

| Matthew Tompkins (P62665) | G. Gus Morris (P32960) |
|---|---|
| Thomas A. Kuiper (P47285) | Christopher J. Raiti (P68600) |
| Kuiper Orlebeke PC | McGraw Morris P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 180 Monroe NW, Suite 400 | 2075 W. Big Beaver Road, Suite 750 |
| Grand Rapids, MI 49503 | Troy, MI 48084 |
| (616) 454-3700 | (248) 502-4000 |
| tompkins@kolaw.com | gmorris@mcgrawmorris.com |
| kuiper@kolaw.com | craiti@mcgrawmorris.com |

_____

## *AMENDED* JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for October 25, 2018 at 2:00 p.m., before Hon. Timothy P. Greeley. Appearing for the parties as counsel will be:

- Matthew Tompkins
- G. Gus Morris

    1.    <u>Jurisdiction</u>: The basis for the court's jurisdiction is:

Defendants removed this action from Michigan state court asserting that Plaintiff's claims can be reasonably interpreted as presenting federal questions. Plaintiff did not object to or otherwise contest removal.

    2.    <u>Jury or Non-Jury:</u> As presently constituted, this case is to be tried by a jury.

3. <u>Judicial Availability</u>: The parities do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment. [**NOTE TO COUNSEL**: If the parties consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and so state in the joint Status Report, an Order of Reference will be issued transferring the matter to the magistrate judge and allowing appeals to be taken to the united States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and Fe. R. Civ. P. 73(c).].

4. <u>Statement of the Case</u>:  This case involves:

<u>Plaintiff's Statement</u>:

This suit stems from a May 4, 2018 encounter involving the Plaintiff and Officers Dombrowski and Jankowski, both employed by Manistique Public Safety. It is Plaintiff's contention that she was the victim of an unlawful, retaliatory and pretextual arrest complete with Plaintiff being assaulted, sexually and otherwise, caused to endure an excessive use of force, improper search and seizure and related illegal and improper conduct, all of which is contrary to federal and state law, and which has caused Plaintiff to suffer damages.

<u>Defendants' Statement</u>:

Plaintiff was arrested for reckless driving.  Plaintiff's camper was parked in an area of the street clearly marked "No Parking."  Officers notified Plaintiff and offered Plaintiff the opportunity to move the camper.  Plaintiff refused and, instead, slammed her truck into reverse, tearing up the yard, jumping the curb, throwing tow bars from the vehicle, and finally stopping in the middle of the street perpendicular to the flow of traffic.  Plaintiff was arrested and transported to the Schoolcraft County Jail.  The Officers deny the allegations in the Complaint.  Furthermore, these officers will be entitled to qualified immunity for Plaintiff's federal claims, as they did not violate any clearly established constitutional rights in these particularized circumstances.  The Officers will be entitled to governmental immunity for Plaintiff's state law claims, as their actions were undertaken during the course of employment, within the scope of their authority, were discretionary, and were performed in good faith and without malice.

Additionally, criminal charges remain pending against Plaintiff and a trial has been scheduled.  The parties have discussed staying the case until those criminal charges are resolved, especially considering that Plaintiff's false arrest claims cannot survive, as a matter of law, if she is convicted.  Plaintiff has not agreed to staying the case.  However, of additional consideration is the impact pending criminal charges will have on discovery. Defendants recognize and respect Plaintiff's Fifth Amendment right against self-incrimination.  Unless Plaintiff is willing to waive that right, the parties will be unable to proceed with discovery and Plaintiff's deposition. Therefore, Defendants respectfully suggest that this Court stay this case pending the resolution of Plaintiff's criminal case.

5. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

Plaintiff conveyed a settlement demand on or about September 20, 2018. No further substantive settlement discussions have been had since that date.

6. <u>Pendent State Claims</u>: This case does include pendent state claims.

Plaintiff initiated this suit in state court pursuing primarily Michigan statutory claims. Defendants have removed the matter to this Court asserting that several of Plaintiff's claims can reasonably interpreted as present federal questions. Plaintiff did not object to or otherwise contest removal.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleading by November 26, 2018.

8. <u>Disclosures and Exchanges</u>:

(a) Fed.R.Civ.P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

Plaintiff's initial disclosures due by December 28, 2018. Defendants' initial disclosures due by January 28, 2019.

(b) The plaintiff expects to be able to serve defendants with plaintiff's expert witness disclosures and/or reports by March 28, 2019, and Defendants expect to be able serve plaintiffs with defendants' expert witness disclosures and/or reports by April 28, 2019. These disclosures/reports shall comply with Fed.R.Civ.P. 26(a)(2). The parties stipulate and agree to conduct expert discovery, including but not limited to expert deposition, up to the Final Pretrial Conference.

(c) It would not be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2).

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

Other than those documents produced with initial disclosures, the parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>: As noted above, Defendants would like to stay this case until the underlying criminal charges against Plaintiff stemming from this same incident are resolved. If, however, the Court elects to proceed with the civil matter, the parties believe that all discovery proceedings can be completed by June 28, 2019. The parties recommend the following plan:

The parties contemplate conducting written discovery via interrogatories, requests for production and/or requests for admission. In addition, the parties contemplate conducting depositions of the parties and relevant witnesses to the incident from which the claim arises.

The Plaintiff would respectfully request leave to serve separate sets of 25 interrogatories on each of the three Defendants.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

To the extent that any of the Parties have electronically stored information that will be discoverable, the Parties believe that they can craft a mutually acceptable procedure to guide the process throughout the course of this litigation.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>:

To that extent that privileged materials or materials protected from disclosure by virtue of the work product doctrine are inadvertently disclosed, the Parties agree to work collaboratively towards identifying any such inadvertently disclosed materials, an agreed-upon method for return of such materials as well as an agreement as to whether any information obtained from the inadvertently disclosed materials is to remain confidential. To the extent that the Parties are unable to agree to any of the above, the Parties will seek guidance from the Court regarding same.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

The Plaintiff respectfully reserves the ability to seek summary judgment on the issue of liability. Defendants will file a dispositive motion on or before the deadline set by the Court.

The parties anticipate that all dispositive motions will be filed by July 31, 2019.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Initial written and deposition discovery is likely necessary to meaningfully conduct Alternative Dispute Resolution. The Parties anticipate that Alternative Dispute Resolution can occur by May 24, 2019.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties prefer that the matter be submitted to nonbinding voluntary facilitative mediation.

For the local rules regarding all forms of ADR used in this district and for list of mediators, case evaluators and arbitrators, see the court's website at www.miwd.uscourts.gov.

     14.    <u>Length of Trial</u>:  Counsel estimate the trial will last approximately 4 days total, allocated as follows: __2___ days for plaintiff's case and ___2__ days for defendants' case.

     15.    <u>Electronic Document Filing System</u>:  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

     16.    <u>Other</u>:  Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion or other factors relevant to the case.

None contemplated by the parties at this time.


Dated:  October 22, 2018                         Kuiper Orlebeke PC

                                                  By: _____/s/ Matthew T. Tompkins_____
                                                        Matthew Tompkins (P62665)
                                                        Attorney for Plaintiff


Dated:  October 22, 2018                         McGraw Morris P.C.

                                                  By: _____/s/ Christopher J. Raiti_____
                                                        G. Gus Morris (P32960)
                                                        Christopher J. Raiti (P68600)
                                                        Attorney for Defendants